**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SALLY KING | § | |
|     **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | |
| | § | CIVIL ACTION NO. _____ |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
|     **DEFENDANT.** | § | |

---

**INDEX OF STATE COURT PLEADINGS AND FILING DATES**

---

| TAB | DOCUMENT | DATE |
|---|---|---|
| 1. | State Court Docket Sheet of the 191st District Court, Dallas, County Texas for Cause No. DC-22-08069 | 08/23/2022 |
| 2. | Plaintiff's Original Petition | 07/14/2022 |
| 3. | Civil Cover Sheet | 07/14/2022 |
| 4. | Issuance of Citation | 07/21/2022 |
| 5. | Affidavit of Service | 07/26/2022 |
| 6. | Wal-Mart Stores Texas, LLC's Original Answer | 08/12/2022 |
| 7. | Jury Fee Paid by Defendant | 08/12/2022 |
| 8. | Jury Pre-Trial Order (Unsigned) | 08/17/2022 |
| 9. | Jury Pre-Trial Order (Unsigned) | 08/17/2022 |
| 10. | Jury Pre-Trial Order (Unsigned) | 08/17/2022 |
| 11. | Letter from the Court re Jury Trial | 08/17/2022 |
| 12. | Letter from the Court re Jury Trial | 08/17/2022 |
| 13. | Letter from the Court re Jury Trial | 08/17/2022 |
| 14. | Signed Order re Pretrial | 08/17/2022 |

# TAB NO. 1

## Case Information

DC-22-08069 | SALLY KING vs. WAL-MART STORES TEXAS, LLC.

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-22-08069 | 191st District Court | SLAUGHTER, GENA |
| File Date | Case Type | Case Status |
| 07/14/2022 | PROPERTY | OPEN |

## Party

PLAINTIFF
KING , SALLY

Active Attorneys ▾
Lead Attorney
JUN, MOSES
Retained

DEFENDANT
WAL-MART STORES TEXAS, LLC.

Address
REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET STE 900
DALLAS TX 75201

Active Attorneys ▾
Lead Attorney
DAVIS, DEREK S.
Retained

## Events and Hearings

Case 3:22-cv-01881-S   Document 1-3   Filed 08/24/22   Page 4 of 45   PageID 15

07/14/2022 NEW CASE FILED (OCA) - CIVIL

07/14/2022 ORIGINAL PETITION ▼

ORIGINAL PETITION

07/14/2022 CASE FILING COVER SHEET ▼

CIVIL CASE INFORMATION SHEET

07/14/2022 ISSUE CITATION ▼

ISSUE CITATION - WAL-MART STORES TEXAS, LLC

07/21/2022 CITATION▼

Served
07/25/2022

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
07/26/2022
Comment
WAL-MART STORES TEXAS, LLC - ESERVE

07/26/2022 RETURN OF SERVICE ▼

AFFIDAVIT OF SERVICE - EXECUTED CITATION - WAL-MART STORES TEXAS LLC

   Comment
   AFFIDAVIT OF SERVICE - EXECUTED CITATION - WAL-MART STORES TEXAS LLC

08/12/2022 JURY DEMAND ▼

FP FILE DESK JURY DEMAND FORM

08/12/2022 ORIGINAL ANSWER - GENERAL DENIAL ▼

ORIGINAL ANSWER

08/17/2022 ORDER - PRETRIAL ▼

ORDER - PRETRIAL

08/28/2023 Jury Trial - Civil ▼

1 9 1 PRETRIAL ORDER

1 9 1 PRETRIAL ORDER

1 9 1 PRETRIAL ORDER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

Judicial Officer
SLAUGHTER, GENA

Hearing Time
9:30 AM

## Financial

KING , SALLY

|  | | |
|---|---|---|
| Total Financial Assessment | | $358.00 |
| Total Payments and Credits | | $358.00 |

| 7/18/2022 | Transaction Assessment | | | $358.00 |
|---|---|---|---|---|
| 7/18/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 43525-2022-DCLK | KING , SALLY | ($221.00) |
| 7/18/2022 | STATE CREDIT | | | ($137.00) |

WAL-MART STORES TEXAS, LLC.

|  | | |
|---|---|---|
| Total Financial Assessment | | $10.00 |
| Total Payments and Credits | | $10.00 |

| 8/15/2022 | Transaction Assessment | | | $10.00 |
|---|---|---|---|---|
| 8/15/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 50159-2022-DCLK | WAL-MART STORES TEXAS, LLC. | ($10.00) |

# Documents

ORIGINAL PETITION

CIVIL CASE INFORMATION SHEET

ISSUE CITATION - WAL-MART STORES TEXAS, LLC

AFFIDAVIT OF SERVICE - EXECUTED CITATION - WAL-MART STORES TEXAS LLC

ORIGINAL ANSWER

FP FILE DESK JURY DEMAND FORM

1 9 1 PRETRIAL ORDER

1 9 1 PRETRIAL ORDER

1 9 1 PRETRIAL ORDER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

191st JURY TRIAL LETTER

ORDER - PRETRIAL

# TAB NO. 2

FILED
7/14/2022 2:54 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

DC-22-08069

CAUSE NO: _____

| | | |
|---|---|---|
| **SALLY KING.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| | § | 191st |
| **VS.** | § | **No.** _____ |
| | § | |
| | § | |
| **Wal-Mart Stores Texas, LLC.,** | § | |
| **Defendant** | § | **DALLAS COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES, SALLY KING**, hereinafter referred to as "Plaintiff", in the above-styled and numbered cause, and files this their Original Petition complaining of **Wal-Mart Stores Texas, LLC.** hereinafter referred to as "Defendant", and for cause of action would show unto the Court as follows:

### I.

### DISCOVERY CONTROL PLAN - LEVEL 2

Plaintiff intends that discovery in this cause is intended to be conducted under level and affirmatively pleads that the Plaintiff seeks monetary relief of $250,000.00 or less, excluding interest, statutory, or punitive damages and penalties, and attorneys fees and costs.

### II.

### PARTIES

Plaintiff SALLY KING is an individual residing in Texas.

Defendant WAL-MART STORES TEXAS, LLC. may be served with process through its registered agent at the following:  CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201 or wherever Defendant may be found.

## III.

## JURISDICTION

This Court has jurisdiction in that the damages claimed are within the jurisdictional limits  of this Court.

## IV.

## VENUE

Venue is proper in this Court because **this incident occurred in Dallas County.**

## V.

## FACTS

On or about August 21, 2020 around 6:55 p.m., Plaintiff went to Defendant's establishment to do her grocery shopping.  The Plaintiff walked up to the water section and reached for the case of water and eventually the case of water fell and hit Plaintiff's head, left side of the face, left eye, arm and chest.

Plaintiff's economic damages are $34,664.24.

## VI.

## PREMISE LIABILITY

Defendant has a duty to make sure that it does not create any unreasonably dangerous conditions on its premise.  If Defendant does create a dangerous condition, it must give adequate warnings.

In this case, Defendant has not given Plaintiff any adequate warnings of its dangerous condition on its premise at the time that Plaintiff got injured.

## VIII.

## ORDINARY NEGLIGENCE

In the alternative, Defendant is liable for the damages caused to the Plaintiff because of its ordinary negligence and/or the ordinary negligence of its employee.

## IX.

## RESPONDEAT SUPERIOR AND/OR AGENCY THEORY LIABILITY

Defendant is liable for the negligence of its employees or agents or independent contractors under the respondeat superior doctrine and/or under the agency theory liability for the premise liability and/or ordinary negligence.

## X.

Plaintiff seeks monetary relief over $250,000.00 but not more than $250,000.00.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that that Defendant be

cited to appear and answer herein, and that upon final hearing thereof, Plaintiff have and recover:

1.  Judgment against Defendant(s) for Plaintiff's physical pain and mental anguish sustained in the past;

2.  Judgment against Defendant(s) for physical pain and mental anguish that, in reasonable probability, the Plaintiff will sustain in the future;

3.  Judgment against Defendant(s) for Plaintiff's loss of earning capacity sustained in the past;

4.  Judgment against Defendant(s) for Plaintiff's lost wages or loss of income and earning capacity;

5.  Judgment against Defendant(s) for Plaintiff's loss of earning capacity that, in reasonable probability, the Plaintiff will sustain in the future;

6   Judgment against Defendant(s) for disfigurement sustained by the Plaintiff in the past;

7.  Judgement against Defendant(s) for disfigurement that, in reasonable probability, the Plaintiff will sustain in the future;

8.  Judgment against Defendant(s) for physical impairment sustained by the Plaintiff in the past;

9.  Judgment against Defendant(s) for physical impairment that, in reasonable probability, the Plaintiff will sustain in the future;

10. Judgment against Defendant(s) for medical care expenses incurred by the Plaintiff in the past;

11. Judgment against Defendant(s) for medical care expenses that, in reasonable probability, the Plaintiff will incur in the future;

12. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

13. All costs of court; and

PLAINTIFF further prays for such other and further relief, at law and in equity, both general and special, a demand for judgment for all other relief to which the Plaintiff deems himself entitled.

Respectfully submitted,

MOSES JUN

**/S/ Moses Jun**

LAW OFFICE OF MOSES JUN, P.C.
State Bar No. 24055755
2369 Walnut Hill Lane, Suite 200
Dallas, Texas 75229
Phone: (214) 366-3770
Fax: (214) 366-3732
Email: moseslawfax@gmail.com

**ATTORNEY FOR PLAINTIFF**

# TAB NO. 3

FILED
7/14/2022 2:54 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____    COURT *(FOR CLERK USE ONLY)*: _____

STYLED: **SALLY KING V. WAL-MART STORES TEXAS, LLC.**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>_____Moses Jun_____ | Email:<br><br>moseslawfax@gmail.com | Plaintiff(s)/Petitioner(s):<br><br>Sally King | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br><br>2639 Walnut Hill Lane, Suite 200 | Telephone:<br><br>214.366.3770 | Defendant(s)/Respondent(s):<br><br>Wal-Mart Stores Texas, LLC. | Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>_____ |
| City/State/Zip:<br><br>Dallas, TX 75229 | Fax:<br><br>214.366.3770 | | Non-Custodial Parent:<br><br>_____ |
| Signature:<br><br>**/s/ Moses Jun** | State Bar No:<br><br>24055755 | [Attach additional page as necessary to list all parties] | Presumed Father:<br><br>_____ |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions**<br>**(non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional<br>Liability:<br>_____<br>☐ Motor Vehicle Accident<br>☒ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>List Product:<br>_____<br>☐ Other Injury or Damage:<br>_____ | ☐ Eminent Domain/<br>Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>Pre-indictment<br>☐ Other: _____ | ☐ Enforce Foreign<br>Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>of Minority<br>☐ Other: _____ | ☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | | | **Parent-Child Relationship** |
| | | | | ☐ Adoption/Adoption with<br>Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>Rights<br>☐ Other Parent-Child:<br>_____ |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

# TAB NO. 4

FORM NO. 353-3 CITATION

# THE STATE OF TEXAS

**ESERVE**

# CITATION

To:  **WAL-MART STORES TEXAS, LLC.**
**REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET STE 900**
**DALLAS TX 75201**

No.: **DC-22-08069**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL PETITION**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

**SALLY KING**
**vs.**
**WAL-MART STORES TEXAS, LLC.**

**ISSUED**
**on this the 21st day of July, 2022**

Said Plaintiff being **SALLY KING**
Filed in said Court **14th day of July, 2022** against

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

**WAL-MART STORES TEXAS, LLC.**

By: **DANITRA BROWN**, Deputy

For Suit, said suit being numbered **DC-22-08069,** the nature of which demand is as follows:
Suit on **PROPERTY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**Attorney for Plaintiff**
**MOSES JUN**
LAW OFFICE OF MOSES JUN PC
2369 WALNUT HILL LANE STE 200
DALLAS TX 75229
214-366-3770
moseslawfax@gmail.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 21st day of July, 2022**
ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas County, Texas

By_____, Deputy
**DANITRA BROWN**



**OFFICER'S RETURN**

Cause No. DC-22-08069

Court No.: 191st District Court

Style: SALLY  KING
 vs.
WAL-MART STORES TEXAS, LLC.

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M.
Executed  at  _____, within  the  County  of _____ at
_____ o'clock _____.M. on the _____day of_____, 20_____,
by               delivering               to               the               within               named
_____
_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:      To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____ County, _____ |
| For Notary | $_____ | By_____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.

_____
Notary Public_____ County_____

# TAB NO. 5

FILED
7/26/2022 4:01 PM
FELICIA PITRE
Case 3:22-cv-01881-S  Document 1-3  Filed 08/24/22  Page 19 of 45  PageID 30  DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

## RETURN OF SERVICE

**State of Texas**              **County of Dallas**              **191st District Court**

Case Number: DC-22-08069

Plaintiff:
**SALLY KING**

vs.

Defendant:
**Wal-Mart Stores Texas, LLC**

Received these papers on the 22nd day of July, 2022 at 9:42 am to be served on **Wal-Mart Stores Texas, LLC C/O C.T. Corporation System; Registered Agent, 1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201**.

I, Norman Lee Collins, do hereby affirm that on the **25th day of July, 2022** at **11:59 am, I:**

Delivered to the within named Corporation a true copy of the Citation with Plaintiff's Original Petition with the date of delivery endorsed thereon by me, to C.T. Corporation System as Registered Agent and personally delivered to their designated agent for acceptance of delivery of process George Martinez and informing said person of the contents thereof.

"My name is Norman Lee Collins. My date of birth is 10/11/1963. My address is 18601 LBJ Freeway, Suite 650, Mesquite, Texas 75150, USA. I declare under the penalty of perjury that the foregoing is true and correct. Executed in Dallas County, State of Texas, on the 25th day of July, 2022."

**Norman Lee Collins**
PSC360; EXP. 7/31/2024

Our Job Serial Number: PEL-2022002298

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

# TAB NO. 6

FILED
8/12/2022 4:39 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Debra Clark DEPUTY

Case 3:22-cv-01881-S   Document 1-3   Filed 08/24/22   Page 21 of 45   PageID 32

CAUSE NO. DC-22-08069

| | | |
|---|---|---|
| SALLY KING | § | IN THE DISTRICT COURT |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | NO. 191ST |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
|     DEFENDANT. | § | DALLAS COUNTY, TEXAS |

---

## DEFENDANT WAL-MART STORES TEXAS, LLC'S
## ORIGINAL ANSWER AND SPECIAL EXCEPTION
## TO PLAINTIFF'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, WAL-MART STORES TEXAS, LLC ("Defendant") in the above-styled and numbered cause, and files this Original Answer to Plaintiff's Original Petition, and in support hereof would respectfully show the Court the following.

## I.
## GENERAL DENIAL

1.    Defendant denies each and every, all and singular, the material allegations made and contained in the Original Petition and any petition which Plaintiff may hereinafter file by way of amendment or supplement, and, in accordance with Texas law, demands that Plaintiff prove by a preponderance of the credible evidence each and every such allegation made and contained therein, or the prevailing standard of proof required by applicable law.

## II.
## AFFIRMATIVE DEFENSES

2.    Pleading further, and in the affirmative, Defendant asserts the doctrine of comparative causation as set forth in Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of

recovery by Plaintiff based on the Plaintiff's own percentage of fault.

3.      Pleading further, if necessary, Plaintiff failed to mitigate Plaintiff's damages which may have resulted from the occurrence made the basis of this lawsuit.

4.      In the alternative, and without waiving the foregoing, Defendant affirmatively pleads the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove Plaintiff's loss of earning and/or loss of earning capacity in the form which represents Plaintiff's net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law. *Id.* Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal to state income taxes.

5.      Additionally, to the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Thus, recovery of medical or health care expenses incurred by Plaintiff, if any, are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

6.      Pleading further, Defendant would show that it is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, pursuant to Rule 48 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

7.      Pleading further, and in the affirmative, Defendant alleges Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS

FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.      Pleading further, and in the affirmative, Defendant invokes §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

9.      Pleading further, and in the affirmative, Defendant asserts the doctrine of proportionate responsibility of TEXAS CIVIL PRACTICE & REMEDIES CODE Chapter 33, which may bar any recovery by Plaintiff, or may in the alternative, reduce the amount of recovery by Plaintiff based on Plaintiff's own percentage of fault.

10.     Pleading further, and in the affirmative, Defendant would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant's own creation. Defendant would further show that it acted just as a similar situated reasonable premises owner would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

11.     Pleading further, and in the affirmative, Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

12.     Pleading further, and in the affirmative, the injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not

Defendant's own creation.

13.     Pleading further, if necessary, Plaintiff's claims may have been caused by an unavoidable accident, Act of God, or an occurrence without any fault on the part of Defendant.

14.     Pleading further and in the alternative, Defendant alleges that any claims for or recovery of exemplary damages against it violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Sections 3, 13 and 19 of Article I of the Texas Constitution, because such claims as made are arbitrary, unreasonable, and violate Defendant's rights to due process and equal protection of the laws.

15.     Pleading further and in the alternative, to the extent any recovery of exemplary damages is found to be constitutional, Defendant invokes all the limitations upon damages and exemplary damages contained in Chapter 41 of the Texas Civil Practice & Remedies Code, both in terms of the maximum amount of damages that can be awarded pursuant to that statute and the procedural safeguards guaranteed by the referenced provisions.

16.     Pleading further and in the alternative, Defendant also invokes all other applicable state law, federal law, statutory and/or common-law caps or limitations on exemplary damages.

17.     Pleading further and in the alternative, Defendant alleges that Defendant was not on notice of the spilt-liquid on the floor that allegedly caused Plaintiff to slip and fall to the ground. Specifically, Defendant did not have actual notice of the alleged dangerous condition that Plaintiff complains of, nor did Defendant have constructive notice of the alleged dangerous condition that Plaintiff complains of.

### III.
### NOTICE OF INTENT

18.     Defendant further places Plaintiff on notice pursuant to TEXAS RULE OF CIVIL PROCEDURE 193.7 that it may use in pretrial proceedings or at trial any and all documents and

tangible things produced in discovery by plaintiff.

## IV.
## DEMAND FOR JURY TRIAL

19.     In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby demands a trial by jury.

## V.
## SERVICE CONTACT

20.     Pursuant to TEXAS RULE OF CIVIL PROCEDURE 21, 21(a) and 21(b), Defendant provides notice that the electronic service of any documents filed in this matter shall not be perfected unless each of the following individuals are served with the filing at their respective email address: Derek Davis – Derek.Davis@cooperscully.com, James Kuritzkes – James.Kuritzkes@cooperscully.com, Kim Denton - Kim.Denton@cooperscully.com, and Heather Savant – Heather.Savant@cooperscully.com.

## VI.
## SPECIAL EXCEPTION

21.     Texas follows a fair-notice pleading standard, which looks to whether the opposing party can ascertain from the pleadings the nature and basic issues of the controversy and what testimony will be relevant at trial.  *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 896 (Tex. 2000).  A pleading's purpose is to give notice of a party's claims and the relief sought so that the adverse party may properly prepare its defense.  *See Roark v. Allen,* 633 S.W.2d 804, 810 (Tex. 1982); *Tennell v. Esteve Cotton Co.,* 546 S.W.2d 346, 356 (Tex. Civ. App.—Amarillo 1976, writ ref'd n.r.e.).

22.     A special exception is appropriate if "the pleadings are not clear or sufficiently specific or fail to plead a cause of action." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635

(Tex. 2007).   The court may order parties to replead in order to make their pleadings substantially conform to the Rules.  *See* TEX. R. CIV. P. 68.  In some instances, a pleading is defective because it does not contain enough information.  *See, e.g., Mowbray v. Avery*, 76 S.W.3d 663, 677 (Tex. App.–Corpus Christi 2002, pet. denied).  For example, if a plaintiff fails to plead all of the elements of its cause of action, the defendant may file a special exception to require the plaintiff to plead more specifically.  *See* TEX. R. CIV. P. 91; *Mowbray*, 76 S.W.3d at 677.  Pleadings can also be defective if they are vague, indefinite, or uncertain.  *Caldwell v. River Oaks Tr. Co.,* 01-94-00273-CV, 1996 WL 227520, at *24 (Tex. App.—Houston [1st Dist.] May 2, 1996, writ denied).

      23.     Here, Plaintiff contends, without providing any facts that the location of the alleged incident was in Dallas County. Defendant requests strict proof thereof.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:     */s/ Derek S. Davis*
        **DEREK S. DAVIS**
        Texas Bar No. 00793591
        Email:  Derek.Davis@CooperScully.com
        **JAMES KURITZKES**
        Texas Bar No. 24120956
        Email: James.Kuritzkes@CooperScully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile:  (214) 712-9540

**ATTORNEY FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August, 2022, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF filing service as follows:

**Moses Jun**
State Bar No. 24055755
Law Office of Moses Jun, P.C.
2369 Walnut Hill Lane, Suite 200
Dallas, Texas 75229
(214) 366-3770 Telephone
(214) 366- 3732 Facsimile
Email: moseslawfirm@gmail.com

**ATTORNEY FOR PLAINTIFF**

        */s/ Derek S. Davis*
        **DEREK S. DAVIS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 67248122
Status as of 8/15/2022 8:34 AM CST
Associated Case Party: SALLY KING

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| MOSES JUN | | moseslawfax@gmail.com | 8/12/2022 4:39:16 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Heather Savant on behalf of Derek Davis
Bar No. 793591
heather.savant@cooperscully.com
Envelope ID: 67248122
Status as of 8/15/2022 8:34 AM CST

Associated Case Party: WAL-MART STORES TEXAS, LLC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Derek Davis | | derek.davis@cooperscully.com | 8/12/2022 4:39:16 PM | SENT |
| James Kuritzkes | | james.kuritzkes@cooperscully.com | 8/12/2022 4:39:16 PM | SENT |
| Kim Denton | | kim.denton@cooperscully.com | 8/12/2022 4:39:16 PM | SENT |
| Heather Savant | | heather.savant@cooperscully.com | 8/12/2022 4:39:16 PM | SENT |

# TAB NO. 7

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-22-08069

SALLY  KING

vs.

WAL-MART STORES TEXAS, LLC.

191st District Court

## <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: DEFENDANT

FEE PAID: 10.00

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

# TAB NO. 8

191ST District Court
George L Allen, Sr. Courts Building
600 Commerce Street, 7th floor
Dallas, Texas  75202-4627

Chambers of Judge Gena Slaughter

**JURY PRE-TRIAL ORDER**

DC-22-08069

SALLY  KING
 vs.
WAL-MART STORES TEXAS, LLC.

**This case is set on the Court's two week docket for Jury Trial on 08/28/2023@ 9:30 A.M.**

**Mediation is required and therefore ordered to occur in every case. Mediation must occur at least thirty (30) days before trial. The Court hereby requests that the parties contact one another and agree upon a mediator.**

This date was chosen because it seems realistic based on the information on file.  You should consider this to be a final setting and be prepared to go to trial.

Discovery is to be commenced, accomplished and completed pursuant to Texas Rule of Civil Procedure 190 et seq.

No dispositive motions will be heard within 30 days of the trial date.  Any Daubert/Robinson Challenges must be set and heard no later than 30 days before trial.

No continuances of the trial setting or the discovery deadline will be granted except upon good cause shown following a hearing on a Motion of Continuance.

Requests to Continue a Trial Date:
a. Unless otherwise permitted by Court policy, no request to pass, postpone or reset any trial shall be granted unless counsel for all parties consent, or unless all parties not joining in such request or their counsel have been notified and have had opportunity to object; provided, however, that failure to make an announcement under Local Rule 3.02 shall constitute that party's consent to dismiss for want of prosecution any case set for trial the following week.
b. after a case has been on file for one year, it shall not be reset for a party except upon written motion for continuance and granted by the Court.
c. Except as provided by statute, no party is entitled of right to a "pass" of any trial setting.

Trial announcements must be made in accordance with Rule 3.02 Dallas Civil Court Rules: Requests to Continue a Trial Date;

If the parties believe there is realistically more than thirty minutes needed for the pretrial hearing, the parties are to schedule a hearing in the 2 weeks before the trial date.

The Court directs the parties to submit a propose jury charge on a flash drive. All exhibits should be pre-marked before hearing or trial.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

August 17, 2022

_____
DISTRICT JUDGE

# TAB NO. 9

191ST District Court
George L Allen, Sr. Courts Building
600 Commerce Street, 7th floor
Dallas, Texas  75202-4627

Chambers of Judge Gena Slaughter

## JURY PRE-TRIAL ORDER

DC-22-08069

SALLY  KING
 vs.
WAL-MART STORES TEXAS, LLC.

**This case is set on the Court's two week docket for Jury Trial on 08/28/2023@ 9:30 A.M.**

**Mediation is required and therefore ordered to occur in every case. Mediation must occur at least thirty (30) days before trial. The Court hereby requests that the parties contact one another and agree upon a mediator.**

This date was chosen because it seems realistic based on the information on file.  You should consider this to be a final setting and be prepared to go to trial.

Discovery is to be commenced, accomplished and completed pursuant to Texas Rule of Civil Procedure 190 et seq.

No dispositive motions will be heard within 30 days of the trial date.  Any Daubert/Robinson Challenges must be set and heard no later than 30 days before trial.

No continuances of the trial setting or the discovery deadline will be granted except upon good cause shown following a hearing on a Motion of Continuance.

Requests to Continue a Trial Date:
a. Unless otherwise permitted by Court policy, no request to pass, postpone or reset any trial shall be granted unless counsel for all parties consent, or unless all parties not joining in such request or their counsel have been notified and have had opportunity to object; provided, however, that failure to make an announcement under Local Rule 3.02 shall constitute that party's consent to dismiss for want of prosecution any case set for trial the following week.
b. after a case has been on file for one year, it shall not be reset for a party except upon written motion for continuance and granted by the Court.
c. Except as provided by statute, no party is entitled of right to a "pass" of any trial setting.

Trial announcements must be made in accordance with Rule 3.02 Dallas Civil Court Rules: Requests to Continue a Trial Date;

If the parties believe there is realistically more than thirty minutes needed for the pretrial hearing, the parties are to schedule a hearing in the 2 weeks before the trial date.

The Court directs the parties to submit a propose jury charge on a flash drive. All exhibits should be pre-marked before hearing or trial.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

August 17, 2022


_____
DISTRICT JUDGE

# TAB NO. 10

191ST District Court
George L Allen, Sr. Courts Building
600 Commerce Street, 7th floor
Dallas, Texas  75202-4627

Chambers of Judge Gena Slaughter

## JURY PRE-TRIAL ORDER

DC-22-08069

SALLY  KING
 vs.
WAL-MART STORES TEXAS, LLC.

**This case is set on the Court's two week docket for Jury Trial on 08/28/2023@ 9:30 A.M.**

**Mediation is required and therefore ordered to occur in every case. Mediation must occur at least thirty (30) days before trial. The Court hereby requests that the parties contact one another and agree upon a mediator.**

This date was chosen because it seems realistic based on the information on file.  You should consider this to be a final setting and be prepared to go to trial.

Discovery is to be commenced, accomplished and completed pursuant to Texas Rule of Civil Procedure 190 et seq.

No dispositive motions will be heard within 30 days of the trial date.  Any Daubert/Robinson Challenges must be set and heard no later than 30 days before trial.

No continuances of the trial setting or the discovery deadline will be granted except upon good cause shown following a hearing on a Motion of Continuance.

Requests to Continue a Trial Date:
a. Unless otherwise permitted by Court policy, no request to pass, postpone or reset any trial shall be granted unless counsel for all parties consent, or unless all parties not joining in such request or their counsel have been notified and have had opportunity to object; provided, however, that failure to make an announcement under Local Rule 3.02 shall constitute that party's consent to dismiss for want of prosecution any case set for trial the following week.
b. after a case has been on file for one year, it shall not be reset for a party except upon written motion for continuance and granted by the Court.
c. Except as provided by statute, no party is entitled of right to a "pass" of any trial setting.

Trial announcements must be made in accordance with Rule 3.02 Dallas Civil Court Rules: Requests to Continue a Trial Date;

If the parties believe there is realistically more than thirty minutes needed for the pretrial hearing, the parties are to schedule a hearing in the 2 weeks before the trial date.

The Court directs the parties to submit a propose jury charge on a flash drive. All exhibits should be pre-marked before hearing or trial.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

August 17, 2022

_____
DISTRICT JUDGE

# TAB NO. 11

IN THE DISTRICT COURT
OF DALLAS COUNTY
191st DISTRICT COURT

8/17/2022

MOSES JUN
LAW OFFICE OF MOSES JUN PC
2369 WALNUT HILL LANE STE 200
DALLAS TX  75229

In Re:  DC-22-08069
**SALLY  KING   vs.  WAL-MART STORES TEXAS, LLC.**

**ALL COUNSEL OF RECORD**:

   Please take note of the following settings:

   Jury Trial:          **08/28/2023@ 9:30 a.m.**

Trial announcements must be made in accordance with Rule 3.02, Dallas Civil Court Rules.

**If not reached as set, the case may be carried to the next week.**

**_When no announcement is made for Plaintiff, the case will be Dismissed for Want of Prosecution._**

Except as provided by Court Order, completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the New Dallas Civil Court Rules, and the Texas Rules of Civil Procedure.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rule of Civil Procedure 21a.

Please check on-line for any update.

                                             Sincerely,

                                             Gena N. Slaughter, District Judge
                                             191st Judicial District Court.

CC:  Counsel of Record/Pro Se Parties
Review your case information at http://courts.dallascounty.org/
Attorneys update your information at: http://www.dallascounty.org/department/districtclerk/atty-add-form-html

George Allen Sr. Courts Building,  600 Commerce Street,Room 740, Dallas,  Texas  75202. (214) 653-7117

(Located in the New Tower, 7th Floor).

# TAB NO. 12

IN THE DISTRICT COURT
OF DALLAS COUNTY
191st DISTRICT COURT

8/17/2022

File Copy

In Re:  DC-22-08069
**SALLY  KING   vs.  WAL-MART STORES TEXAS, LLC.**

**ALL COUNSEL OF RECORD**:

Please take note of the following settings:

Jury Trial:              **08/28/2023@ 9:30 a.m.**

Trial announcements must be made in accordance with Rule 3.02, Dallas Civil Court Rules.

**If not reached as set, the case may be carried to the next week.**

**<u>When no announcement is made for Plaintiff, the case will be Dismissed for Want of Prosecution.</u>**

Except as provided by Court Order, completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the New Dallas Civil Court Rules, and the Texas Rules of Civil Procedure.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rule of Civil Procedure 21a.

Please check on-line for any update.

Sincerely,

Gena N. Slaughter, District Judge
191st Judicial District Court.

CC:  Counsel of Record/Pro Se Parties
Review your case information at http://courts.dallascounty.org/
Attorneys update your information at: http://www.dallascounty.org/department/districtclerk/atty-add-form-html

George Allen Sr. Courts Building,  600 Commerce Street,Room 740, Dallas,  Texas  75202. (214) 653-7117

(Located in the New Tower, 7th Floor).

# TAB NO. 13

IN THE DISTRICT COURT
OF DALLAS COUNTY
191st DISTRICT COURT

8/17/2022

DEREK S. DAVIS
COOPER & SCULLY PC
900 JACKSON ST STE 100
DALLAS          TX  75202


In Re:  DC-22-08069
**SALLY  KING   vs.  WAL-MART STORES TEXAS, LLC.**

**ALL COUNSEL OF RECORD**:

       Please take note of the following settings:

       Jury Trial:       **08/28/2023@ 9:30 a.m.**

Trial announcements must be made in accordance with Rule 3.02, Dallas Civil Court Rules.

**If not reached as set, the case may be carried to the next week.**

***<u>When no announcement is made for Plaintiff, the case will be Dismissed for Want of Prosecution.</u>***

Except as provided by Court Order, completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the New Dallas Civil Court Rules, and the Texas Rules of Civil Procedure.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rule of Civil Procedure 21a.

Please check on-line for any update.

                                      Sincerely,

                                        Gena N. Slaughter, District Judge
                                        191st Judicial District Court.

CC:  Counsel of Record/Pro Se Parties
Review your case information at http://courts.dallascounty.org/
Attorneys update your information at: http://www.dallascounty.org/department/districtclerk/atty-add-form-html


George Allen Sr. Courts Building,  600 Commerce Street,Room 740, Dallas,  Texas  75202. (214) 653-7117

(Located in the New Tower, 7th Floor).

# TAB NO. 14

191ST District Court
George L Allen, Sr. Courts Building
600 Commerce Street, 7th floor
Dallas, Texas  75202-4627

Chambers of Judge Gena Slaughter

## JURY PRE-TRIAL ORDER

DC-22-08069

SALLY  KING
 vs.
WAL-MART STORES TEXAS, LLC.

**This case is set on the Court's two week docket for Jury Trial on 08/28/2023@ 9:30 A.M.**

**Mediation is required and therefore ordered to occur in every case. Mediation must occur at least thirty (30) days before trial. The Court hereby requests that the parties contact one another and agree upon a mediator.**

This date was chosen because it seems realistic based on the information on file.  You should consider this to be a final setting and be prepared to go to trial.

Discovery is to be commenced, accomplished and completed pursuant to Texas Rule of Civil Procedure 190 et seq.

No dispositive motions will be heard within 30 days of the trial date.  Any Daubert/Robinson Challenges must be set and heard no later than 30 days before trial.

No continuances of the trial setting or the discovery deadline will be granted except upon good cause shown following a hearing on a Motion of Continuance.

Requests to Continue a Trial Date:
a. Unless otherwise permitted by Court policy, no request to pass, postpone or reset any trial shall be granted unless counsel for all parties consent, or unless all parties not joining in such request or their counsel have been notified and have had opportunity to object; provided, however, that failure to make an announcement under Local Rule 3.02 shall constitute that party's consent to dismiss for want of prosecution any case set for trial the following week.
b. after a case has been on file for one year, it shall not be reset for a party except upon written motion for continuance and granted by the Court.
c. Except as provided by statute, no party is entitled of right to a "pass" of any trial setting.

Trial announcements must be made in accordance with Rule 3.02 Dallas Civil Court Rules: Requests to Continue a Trial Date;

If the parties believe there is realistically more than thirty minutes needed for the pretrial hearing, the parties are to schedule a hearing in the 2 weeks before the trial date.

The Court directs the parties to submit a propose jury charge on a flash drive. All exhibits should be pre-marked before hearing or trial.

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

August 17, 2022

DISTRICT JUDGE